**Eugene JOHNSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–0707–CR.**

Court of Appeals of Texas,
Houston (1st Dist.)

May 21, 1996.

Randy McDonald, Houston, for Appellant.

John B. Holmes, Jr., Houston, for Appellee.

Before COHEN, O'CONNOR and WILSON, JJ.

## ORDER TO APPEAR

PER CURIAM.

Because of court reporter Phyllis Faykus–Dutton's failure, after six extensions of time, to file a complete statement of facts in this case, on May 1, 1996, we ordered her to "prepare and file with this Court no later than 5:00 p.m. on Monday, May 20, 1996, a complete statement of facts in the case styled The State of Texas v. Eugene Johnson, Jr., in the 338th District Court of Harris County, Texas, cause number 9424774, appeal number 01–95–0707–CR." We also ordered that, should Ms. Faykus–Dutton not comply with the order to prepare and file with this Court no later than 5:00 p.m. on Monday, May 20, 1996, a complete statement of facts, she is ordered to appear before this Court at 1:30 p.m. on Tuesday, May 21, 1996, and show cause why she should not be held in contempt of this Court for her failure to comply with the order.

On May 20, 1996, we received an uncertified copy of the statement of facts from Ms. Faykus–Dutton. Our May 1, 1996, order mandated that a complete "statement of facts" be filed; we made no provision in the order that an uncertified copy would suffice. What Ms. Faykus–Dutton tendered is not sufficient. *See* Tex.R.App.P. 53(f) (stating that "[t]he statement of facts shall be in sufficient form to be filed in the appellate court *when it is certified by the official court reporter*") (emphasis added).

On May 21, 1996, the attorney for appellant examined the uncertified copy of the statement of facts and stated to the justices in open court that it is a complete copy. Ms. Faykus–Dutton did not appear in court. Our bailiff called Ms. Faykus–Dutton's name in the hall three times; Ms. Faykus–Dutton did not respond. Neither appellant's attorney nor this Court knows the location of the original of the statement of facts or why Ms. Faykus–Dutton tendered an uncertified copy.

This Court's patience is exhausted. We hereby **ORDER** Phyllis Faykus–Dutton *to personally appear before this Court at 1:30 p.m. on Monday, June 3, 1996,* and tender to the justices in open court a complete *certified* statement of facts in the case styled The State of Texas v. Eugene Johnson, Jr., in the 338th District Court of Harris County, Texas, cause number 9424774, appeal number 01–95–0707–CR. Should Ms. Faykus–Dutton fail to personally appear before this Court at 1:30 p.m. on Monday, June 3, 1996, and tender to the justices in open court a complete certified statement of facts, she is ordered to personally appear before this Court on Monday, June 3, 1996, to instead show cause why she should not be held in contempt of this Court for her failure to comply with this order.

We hereby grant appellant an extension of time to file the statement of facts to June 3, 1996.

It is so **ORDERED**.

June 3, 1996.

**ORDER**

PER CURIAM.

Responding to our order of May 21, 1996, court reporter Phyllis Faykus–Dutton personally appeared before this Court this afternoon, Monday, June 3, 1996. The court heard testimony from Ms. Faykus–Dutton and from appellant's attorney, Mr. Randy McDonald.

Upon conclusion of the proceedings, this Court hereby **ORDERS** as follows: We will defer ruling on the contempt issue for six months if Phyllis Faykus–Dutton complies with the following conditions:

1. Phyllis Faykus–Dutton must not submit a bill for her services on this case or accept any payment for her services on this case.

2. Phyllis Faykus–Dutton must complete all outstanding work on appellate records in *all* appellate courts within 14 days from the date of this order, and, within the 14–day period, also submit an affidavit to this Court swearing that she has completed all outstanding work on appellate records in all appellate courts within 14 days from the date of this order.

3. Phyllis Faykus–Dutton must not accept any new reporting work from a court for a six-month period beginning with the date of this order. She must also, on the day after the last day of the six-month period, submit an affidavit to this Court swearing that she has not accepted any new reporting work from a court during the previous six months.

It is so **ORDERED**.